UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CENTRAL FLORIDA ROOFING, LLC,
and 5150 SO FLA (A&C), LLC,

      Plaintiffs,

v.                           CASE NO.  8:12-cv-1170-T-23MAP

STEVENS ROOFING SYSTEMS and
DOW ROOFING SYSTEMS, LLC,

      Defendants.

_____/

## ORDER

      Central Florida Roofing and 5150 So Fla allege (Doc. 1) claims (negligence,

breach of express and implied warranty, and violation of Florida's Unfair and

Deceptive Trade Practices Act) against Stevens Roofing Systems and Dow Roofing

Systems (together "Dow Roofing," because Dow Roofing acquired Stevens Roofing)

based on Dow Roofing's manufacture and sale of thermoplastic polyolefin roofing

membranes and accessories.  Dow Roofing claims a contractual right to arbitration

and consequently moves under 9 U.S.C. § 3 to dismiss or stay this action pending

arbitration.  After an initial exchange of papers (Docs. 11, 14, 22, 29, 34, 35)

discussing a stay of pending arbitration, the parties engaged in court-ordered

discovery limited (Doc. 41) to "(1) whether an arbitration agreement exists between

the parties, (2) whether an arbitrable issue exists, and (3) whether the right to

arbitrate is waived." After the limited discovery, the parties submitted additional

papers (Docs. 47, 48, and 49) pertinent to the stay.

The parties agree that Central Florida was a certified installer for Dow

Roofing and a party to Stevens's standard "applicator agreement," which states:

> Any controversy or claim arising out of or relating to this Agreement
> or the breach thereof (including any modifications thereto) shall be
> settled by arbitration before three (3) arbitrators in the City of Boston
> in accordance with the Construction Industry Arbitration Rules of the
> American Arbitration Association, and judgment [sic] upon the award
> rendered may be entered in any court having jurisdiction thereof; it
> being agreed that the arbitrators sitting in any controversy relating
> hereto shall not have the power to modify any provision of the
> Agreement or to render any award that, by its terms, effects or creates
> a modification.

Despite some aggressive and tactical obscurity by 5150, the record establishes clearly

that a sale of Dow Roofing's thermoplastic polyolefin roofing membranes and

accessories was accompanied by a standard written "Limited Material Warranty for

Commercial Building" that stated:

> Any controversy or claim arising out of or relating to this document, or
> the breach thereof, shall be settled by arbitration in accordance with
> the Construction Industry Rules of the American Arbitration at the
> Boston, Mass., Regional Office and judgment upon the award
> rendered by the Arbitrators may be entered in any court having
> jurisdiction thereof.

5150's initial effort to avoid the effect of this arbitration clause was to decline to

produce a copy of the express warranty on which the complaint is based and to

decline to identify the property for which the roofing membranes and accessories

were purchased and on which the purchased material, allegedly defective, was

installed.  Because Dow Roofing organizes warranty records by the identity of the

property and not by the identity of the customer, 5150's refusal to identify the

affected property precluded Dow Roofing from locating the documents that include

the standard written warranty to 5150.  Even after the court-ordered discovery, 5150

has produced no standard written warranty (or any other written warranty) from

Dow Roofing.

However, Central Florida Roofing and 5150's complaint alleges in paragraph

nine, in conjunction with alleging the failure of the materials within "four to five

years from their respective installations," that "each [installation] was warranted for

a period of 15 years."  Further, the complaint alleges in paragraphs forty-two and

forty-three that "because the warranties limit Plaintiff, 5150, and its respective sub-

class members' recovery to replacement of the failed [thermoplastic polyolefin]

material, with replacement labor not included," the warranties "do not provide a

minimum adequate remedy" and are "unconscionable and unenforceable."  5150

pleads explicitly the terms of Dow Roofing's standard written warranty and attacks

as unconscionable the enforcement of the warranty.  On the other hand, 5150

purports to simultaneously deny the existence of the standard written warranty.

Dow Roofing encapsulates the result of the court-ordered discovery:

> [D]iscovery has confirmed that 5150 seeks relief under Dow's
> standard fifteen-year limited warranty contract, which 5150
> maintains Dow allegedly issued to 5150.  Compl. ¶ 9; Barr
> Decl. Ex. B, 5150 Dep. 18:22 – 19:2 (admitting that 5150
> understood from Central Florida that it would receive the

> "Stevens' standard 15-year warranty for the product that was installed on [its] properties"); Barr Decl. Ex. A, Central Florida Dep. 15:1-21 (admitting that the complaint describes "standard warranties that Dow offered"); *id.* 15:23 – 16:22 (admitting that paragraph 9 of complaint alleges that "Stevens issued a 15-year standard warranty for [5150's] material"); *id.* 18:5-12 (admitting that Central Florida's invoice for the project references a "standard 15-year warranty for the material that was installed on this project"); *id.* 34:6-16 (admitting that Central Florida told 5150 it was getting "the current standard form of Stevens membrane roofing systems warranty for commercial building"); Moskowitz Decl. Ex. B ¶ 2(d) (obligating Central Florida to inform 5150 and all other building owners that "the most current standard form of Stevens membrane roofing systems warranty for commercial buildings" was available for purchase from Stevens).

(Doc. 47 at 6-7)  In other words, 5150 pleads with particularity and attacks with zeal the exact terms of the standard written warranty but simultaneously denies the existence of the standard written warranty.  In the post-discovery papers, 5150 continues to attack as unconscionable the enforcement of the standard written warranty, but 5150 claims that the arbitration provision of the standard written warranty fails because Dow Roofing fails to produce a written arbitration agreement with 5150.

Although Dow Roofing is unable (owing at least in part to 5150) to produce a signed arbitration agreement, the statute requires proof of the existence of a written agreement – not a signed written agreement.  As one treatise states:

> The "in writing" requirement has a further ramification, namely that the arbitration clause itself does not have to be signed.  This conforms to the widespread practice in many fields of trade and commerce that commercial transactions are concluded by the exchange of letters or telegrams, by the

- 4 -

> intermediary of brokers who exchange bought and sold notes,
> and by the conduct of the parties after receipt of contract forms
> which are not signed and returned. Numerous decisions show
> a tendency by the courts to accept any manifestation of the
> intent of the parties to be bound by an arbitration clause
> without signing it.

Martin Domke, Gabriel Wilner & Larry Edmonson, *Domke on Commercial Arbitration* Part III, § 9.1 (Thomson Reuters 2013). 5150 was aware of the standard written warranty offered by Dow Roofing; 5150 expected the standard written warranty with respect to the product purchased and installed; Dow Roofing's invoice for the thermoplastic polyolefin roofing product purchased by 5150 mentions the standard written warranty; Central Florida Roofing, Dow Roofing's "certified applicator," in accord with Central Florida Roofing's obligation to Dow Roofing, informed 5150 that the product included "the current standard form of [Dow Roofing's] membrane roofing systems warranty for commercial building;" and 5150's complaint affirmatively seeks relief based on terms characteristic of the standard written warranty (and no other source for the terms is identified in the record). The record establishes that Dow Roofing conducted business by use of the standard written warranty. No reason exists to conclude that 5150 manifested anything other than objective acceptance of the standard written warranty, and no evidence exists of a warranty on the pertinent product other than the standard written warranty that includes the arbitration clause.

5150 alludes to "other ways," including advertising and the statement of a corporate representative, that an express warranty might arise. But 5150 fails to produce evidence of any "other way" that created an express warranty in this instance, especially an extraordinary and serendipitous express warranty that is just enough like Dow Roofing's standard written warranty to permit 5150 to sue Dow Roofing but that is just different enough from Dow Roofing's standard written warranty to omit and preclude Dow Roofing's defenses to the suit, including Dow Roofing's resort to the arbitration clause. 5150 proposes neither too much warranty nor too little warranty but just enough warranty – and just the right warranty. 5150's convenient incongruity presses even credulity beyond the limit.

And, needless to say, although the statute requires proof of a written agreement to arbitrate, the statute does not require a party to produce either the original or a tangible copy of the writing. Proof of the written agreement suffices.

Certainly the question in the instance of a demand for arbitration is whether the parties entered into an arbitration agreement. As 5150 states (Doc. 48 at 5), "So a party that has not agreed to arbitration, explicitly or implicitly, cannot be compelled to do so." Yes, but the necessary corollary of that proposition is that a party that has agreed to arbitration, explicitly or implicitly, can be compelled to do so. The record establishes the existence of a written agreement to arbitrate within the meaning of 9 U.S.C. § 2 and warrants a stay of this action under 9 U.S.C. § 3 pending the completion of the contractually required arbitration. The plaintiff raises certain

defenses to the standard warranty, the merits of which defenses the arbitrators will consider first in arbitration.

Conclusion

Dow Roofing's (and Stevens's) renewed motion (Doc. 47) to compel arbitration is **GRANTED.**  This action is **STAYED** pending the outcome of arbitration before the American Arbitration Association in Boston, Massachusetts, in accord with the parties' written arbitration agreement.  The Clerk will **ADMINISTRATIVELY CLOSE** the case.

ORDERED in Tampa, Florida, on October 17, 2013.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE